## A. C. McClurg & Company, Appellee, v. J. M. Williams, Appellant.

1. EVIDENCE—*as to payment of other claims by defendant.* Where defendant purchases a stock of goods from his son and agrees to pay the son's creditor's, plaintiff; a creditor, in an action on its account may show that defendant complied with the agreement as to other creditors.

2. EVIDENCE—*when ledger account is admissible.* Where defendant purchases a stock of goods from his son and agrees to pay the son's creditors, and plaintiff, a creditor, sues for an amount due, a ledger kept by the son is admissible in evidence and it is immaterial whether it is a book of original entry or not.

Appeal from the Circuit Court of Moultrie county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed March 18, 1913.

JACK, DECK & WHITFIELD, for appellant.

F. J. THOMPSON and E. J. MILLER, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

One J. B. Williams was the owner of a drug store at Windsor, Illinois. He became involved financially

and was about to trade his business at Windsor for farm lands in Kankakee county. He was indebted to his father, J. M. Williams, in a sum in the neighborhood of $1,000. His stock of goods invoiced at the value of about $4,000. His father objected to the trade contemplated, and on December 27, 1909, he made a bill of sale of this stock of goods to his father, appellant herein, for a stated consideration of $3,777. J. M. Williams immediately took possession of the stock of goods. Appellee herein was a creditor of J. B. Williams in the sum of $519.70, and the debt was due at the time of the transfer. This action is brought by appellee against appellant upon the contention that he, as a part of the consideration of the transfer to him, agreed to and did become liable to pay appellee's claim.

The declaration contains the common counts, with special counts alleging as a part of the consideration, the promise to pay appellee's claim.

Appellee recovered a judgment against appellant in the court below for $519.70, from which this appeal is prosecuted.

Appellant insists that there is no evidence tending to show a promise by appellant to pay this claim, and insists that the judgment is not warranted by the evidence. He also insists that the trial court erred in admitting in evidence, over his objection, the ledger account of J. B. Williams, showing the amount due from him to appellee; also that the court erred in permitting appellee to show that J. B. Williams had paid all claims outstanding against this stock of goods excepting the one owed to appellee.

Upon the contention that there is no evidence in this record even tending to show that appellant agreed as a part of the consideration of the transfer from J. B. Williams to himself to pay this debt, we find upon examination of the record that appellant on numerous occasions stated to various witnesses who testified that this was a part of the agreement; and

we are fully satisfied that this record supports the contention that it was a part of the consideration by J. M. Williams that he pay the obligations of his son for the indebtedness owed by him upon this stock of goods

Upon the contention that the court erred in admitting the ledger account of J. B. Williams, the objection made is that it was not a book of original entry and that the evidence does not show that the ledger account was correct. This was not a book in which appellee had made the entries, but was a record made by the debtor himself, and it is immaterial whether it was a book of original entry or not. It was properly admitted in evidence. If the record so made by the debtor was not correct, then it was a matter of defense for appellant to show, no contention is made concerning the amount J. B. Williams owed appellee. In the statement of facts made by appellant in his brief and argument on pages three and four he recites that J. B. Williams while the owner of the stock of merchandise became indebted to plaintiff on account of merchandise sold and delivered to him at various times, the balance of said indebtedness being the sum of $519.70. We are at a loss to understand why if this was not a fact appellant would include it in his statement of facts in this case, and then undertake to argue that there is no evidence of such fact.

Upon the contention that the court erred in permitting appellee over objection of appellant, to show that other claims against J. B. Williams had been paid by appellant, we are of the opinion that this evidence was properly admitted as tending to show what the contract was, and what the consideration for the transfer of this stock of goods by J. B. Williams to appellant was. While this evidence was not conclusive of that fact, it was an element tending to prove the contention of appellee and was properly admitted.

After appellant took possession of this stock of goods he directed his clerk, Mr. Means, to write appellee for a statement of their account. Some correspondence was had between them and appellant then agreed to pay this claim if appellee would take back a portion of the goods. This was consented to by appellee. After this agreement had been made, appellant then agreed to keep the goods which appellee had consented to take in return, and pay for them fifty cents on the dollar, and then gave to Mr. Richards, the representative of appellee who made this settlement, a check for the amount supposed to be due according to this settlement; but after the giving of the check appellant insisted there had been an overcharge of $13.75 for a mirror, and this was not deducted from the amount. Mr. Richards, after receiving the check, went to the depot, where after about an hour had elapsed, appellant came to him and insisted that Richards had got the best of him by $13.75 overcharge on the mirror, and also insisted that he should have six per cent. off for cash. By reason of the dispute which arose over this matter, the check was returned to appellant. Appellant declined to make payment of the account thereafter. The record also discloses that on one occasion appellant informed an attorney who had this account for collection that the reason he had not paid it was because of an error in the account.

We are fully satisfied that there was no error of the court in its rulings upon the admission of evidence. Complaint is also made of the instructions given, but from a careful examination of these instructions, and the legal propositions involved in this controversy, we are satisfied that the jury was properly instructed and there was no error in the giving and refusing of instructions and that there is no error in this record, and the judgment will be affirmed.

*Affirmed.*